U.S. ROF III Legal Title Trust 2015-1 v Mani

2026 NY Slip Op 03018

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. ROF III Legal Title Trust 2015-1, etc., appellant,

v

Shreshth Mani, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2023-11733, (Index No. 709170/19)

Colleen D. Duffy, J.P.

Paul Wooten

Phillip Hom

Elena Goldberg Velazquez, JJ.

Ross Eisenberg Law, PLLC, Cedarhurst, NY, for appellant.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Laurentina S. McKetney Butler, J.), entered August 18, 2023. The order, insofar as appealed from, denied those branches of the motion of nonparty Palm Avenue Hialeah Trust which were for summary judgment on the complaint insofar as asserted against the defendant Shreshth Mani, to strike that defendant's answer and counterclaims, for an order of reference, and to substitute nonparty Palm Avenue Hialeah Trust as the plaintiff.

ORDERED that the appeal is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144).

In May 2019, the plaintiff commenced this action against the defendant Shreshth Mani (hereinafter the defendant), among others, to foreclose a consolidated mortgage on a condominium unit located in Queens. The defendant interposed a verified answer, asserting several affirmative defenses, including the plaintiff's lack of standing, as well as counterclaims.

In January 2023, alleging to be the plaintiff's assignee, nonparty Palm Avenue Hialeah Trust (hereinafter Palm Avenue) moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and counterclaims, for an order of reference, and to substitute Palm Avenue as the plaintiff. The defendant opposed Palm Avenue's motion. The Supreme Court denied those branches of Palm Avenue's motion. The plaintiff appeals.

The appeal by the plaintiff must be dismissed, as the plaintiff, which did not join in Palm Avenue's motion, is not aggrieved thereby (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144).

DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court